UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



DONTIE S. MITCHELL,

         Plaintiff,

v.

PAUL CHAPPIUS, JR., et al.,

         Defendants.

17-CV-6673-MAT-MJP

DECISION & ORDER

Plaintiff Dontie S. Mitchell ("Mitchell") has filed a *pro se* Complaint under 42 U.S.C. § 1983 (ECF No. 1) and requested the appointment of counsel (ECF No. 34). The Court may appoint counsel to assist indigent litigants. 28 U.S.C. § 1915(e)(1); *see, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) ("it is clear that the statute only allows appointment where a litigant is indigent"). Assignment of *pro bono* counsel in civil cases is within the trial Court's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984) ("In non-criminal cases federal courts have the authority to appoint counsel, but generally they are not required to do so.").

In determining whether to assign counsel, the Court considers several factors, including: whether the claims seem likely to be of substance; whether the *pro se* plaintiff is able to investigate the facts concerning his or her claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination. *See Hendricks v.*

*Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).[1]

Judge Feldman screened Mitchell's complaint and noted his allegations that certain corrections officers at Elmira Correctional Facility retaliated against him for making a complaint concerning the late opening of the gym. (Decision and Order at 4, Aug. 27, 2018, ECF No. 1.) Mitchell alleges he was labeled a "rat" by corrections officers who also suggested to fellow inmates that "somebody should shut him up." (*Id.*) After that, Mitchell was attacked by an inmate who cut him and called him a "rat." (*Id.* at 5.) Another inmate sucker punched him into unconsciousness. (*Id.*) While at Wende Correctional Facility, Mitchell describes an incident in which a corrections officer "viciously punch" and then pushed him down the stairs. (*Id.* at 6.) Finally, while at Collins Correctional Facility, Mitchell alleges he was placed on a "contraband watch" for 48 hours in a cell with dried feces and blood on the walls, was kept naked, required to urinate and defecate into a container in the presence of another man, was not permitted a shower for five days, and had no access to reading materials for six days. (*Id.* at 10.) Considering the allegations, a significant amount of the proof will come from skillful cross-examination of the correctional officer witnesses, and may involve obtaining inmate witnesses from three different correctional facilities. Under these circumstances, the Court finds that the claims seem likely to be of substance, that Mitchell will not be able to investigate the facts concerning his claims over three

---

[1] In making its ruling, the *Hodge* court cited approvingly to the Seventh Circuit's decision in *Maclin v. Freake*, 650 F.2d 885 (7th Cir. 1981). However, a panel of the Seventh Circuit held in *Farmer v. Hess*, 990 F.2d 319, 322 (7th Cir. 1993), that a more appropriate test would be "given the difficulty of the case, did the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel have made a difference in the outcome?" No Second Circuit court has cited the simpler test from *Farmer*; therefore, the Court applies the test set out in *Hodge*.

different facilities, and because cross-examination will be essential in any eventual trial, the appointment of counsel would be more likely to lead to a just determination. *Hodge*, 802 F.2d at 61 ("if a case's factual issues turn on credibility, this should weigh on the side of appointing counsel since 'it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination.'" (quoting *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir. 1981)).

Additionally, each lawyer — especially those who are admitted to practice in federal court and who therefore are in a position to reap the benefits of such practice — has a professional obligation to provide *pro bono* services for the poor. *See* New York Rules of Professional Conduct, Rule 6.1. In addition, Rule 83.1(f) of the Local Rules of Civil Procedure provides that:

> Every member of the bar of this Court who maintains, or whose firm maintains, an office in this District, shall be available upon the Court's request for appointment to represent or assist in the representation of indigent parties. Appointments under this Rule shall be made in a manner such that no Member shall be requested to accept more than one (1) appointment during any twelve (12) month period.

For the reasons stated above, the Court will appoint an attorney as plaintiff's *pro bono* counsel in this case. Once the Court identifies an attorney who can take this case, the Court will issue a separate order identifying the attorney.

The Clerk of the Court is directed to copy that portion, if any, of the file in this matter that is not currently available electronically. The Clerk of Court shall also send a copy of this Order to the appointed attorney along with this Court's Guidelines Governing Reimbursement from the District Court Fund of Expenses Incurred by

Court Appointed Counsel.² The Chief Judge of this Court will also issue an Order directing PACER to waive its fees so that *pro bono* counsel can access any other documents filed in this case that he may need. If any portions of the file in this matter are not available through PACER on the Court's Case Management/Electronic Case Management System, the Clerk of the Court will provide a free copy of any such documents to *pro bono* counsel upon request.

The Court will schedule a case management conference to amend the scheduling order once counsel is appointed.

**IT IS SO ORDERED.**

DATED: Rochester, New York
December 13, 2019

*[signature]*

MARK W. PEDERSEN
United States Magistrate Judge

---

² This information and the forms are also available on the Court's web site at the Attorney Information link from the home page located at: http://www.nywd.uscourts.gov/pro-bono-program-district-court-fund.